UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DORIS WAYNE MALONE                                                                    PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 1:09CV333-LG-RHW

MDOC                                                                                   DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

This matter is before the Court on Doris Wayne Malone's [1] Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  On November 14, 2007, Malone pleaded guilty to possession of a controlled substance.  The Circuit Court of Jackson County sentenced Malone to a ten-year sentence, with the last eight years to be served on post-release supervision.  On May 16, 2008, the circuit court revoked Malone's probation for multiple violations and sentenced him to serve the remainder of his sentence in prison.  On October 3, 2008, Malone filed a motion for post-conviction collateral relief (PCR).  The issues raised relate to the underlying guilty plea and sentence, but not the revocation.  The circuit court denied the motion.  Malone did not appeal the denial of his motion for PCR.  Malone filed the instant § 2254 petition in which he raised the following claims:  (1) he was in possession of a legal prescription for hydrocodone;  (2) Jackson County deputies illegally searched his home;  (3) he was denied a right to speedy trial;  and (4) he was convicted and sentenced in violation of Miss. Code Ann. § 41-29-139(c)(1)(B).

Defendant argues in its response to Malone's § 2254 petition that he failed to exhaust state remedies as to the claims in his PCR because he did not appeal to the Mississippi Supreme Court.  In paragraph 13 of his petition, Malone admits that he did not present his claims to the Mississippi Supreme Court.  Malone has not filed a reply and therefore does not dispute the

State's contention that the claims are unexhausted.

Applicants seeking federal habeas relief under § 2254 are required to exhaust their claims in state court prior to requesting federal collateral relief.  *See* 2254(d); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  The exhaustion requirement is satisfied when the claim has been fairly presented to the highest state court.  *Id.*  In order to complete the exhaustion of state remedies, Malone was required to present his claims to the Mississippi Supreme Court.  *See* Miss. R. App. P. 4(a) & 17(a); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Magourik v. Phillips*, 144 F.3d 348, 360-61 (5th Cir. 1998).  Accordingly, the undersigned finds that by virtue of his failing to seek appellate review of the denial of his PCR, Malone has failed to exhaust state remedies.  Moreover, if Malone were to attempt to return to state court to exhaust his state remedies, a motion for post-conviction relief would be considered successive and dismissed as procedurally barred.  *See* Miss. Code Ann. § 99-39-23(6) & 99-39-27(9); *Sneed v. State of Mississippi*, 722 So.2d 1255, 1256 (Miss. 1998).  Because the claims are procedurally barred in state court, the undersigned concludes that Malone's claims are likewise barred from consideration in this court.  *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *Sones v. Harges*, 61 F.3d 410, 416 (5th Cir. 1995).

The Court may still reach the merits of a petitioner's claim despite the procedural bar if the petitioner can show cause for the non-exhaustion and prejudice, or if he can show that the Court's failure to consider the merits of petitioner's claim will result in a fundamental miscarriage of justice.  *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005).  Malone offers no explanation for his failure to pursue state remedies to their completion.  Therefore, the undersigned finds that he cannot demonstrate cause for his failure to exhaust.  Moreover, Malone

cannot demonstrate a fundamental miscarriage of justice because he has not demonstrated that he is actually innocent of the underlying conviction. *See Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008). To the contrary, Malone pleaded guilty to the underlying charges. Because Malone has failed to exhaust state remedies, the undersigned will forego discussion of the underlying merits of the § 2254 petition.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Malone's petition be dismissed for failure to exhaust state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United*

*Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED, this the 11th day of May, 2011.

                                              s/ *Robert H. Walker*
                                              UNITED STATES MAGISTRATE JUDGE